## TARVER v. HEATH.

### No. 8466.

Court of Civil Appeals of Texas. San Antonio.
June 18, 1930.

Rehearing Denied July 16, 1930.

Nelson Lytle, of San Antonio, for plaintiff in error.

Grover C. Morris, of San Antonio, for defendant in error.

FLY, C. J.

This is a suit on an open account for $175, instituted in the justice's court of Medina county. A foreclosure of an attachment lien on a Ford truck was also sought. Plaintiff in error filed a plea of privilege, which, consistent with the usual judicial action in the justice's court, was overruled and a judgment for $162.50 was rendered against plaintiff in error, and the attachment lien foreclosed on the automobile. Afterwards, on December 14, 1928, a writ of certiorari to transfer the cause to the county court was filed. It was alleged in the application that plaintiff in error had a valid defense in that the cause of action arose in connection with the drilling of a well in Frio county, and that plaintiff in error had no connection with the well, except to furnish the drilling equipment and superin-

tend the drilling for the party who contracted to drill the well; that plaintiff in error lived in Bexar county; that the well was drilled in Frio county, and the suit was instituted in Medina county, where defendant in error has his residence. The writ of certiorari was granted by the county judge. The county judge, on July 29, 1929, rendered judgment quashing the certiorari. However, on January 10, 1930, an amended judgment nunc pro tunc was entered in the county court at a succeeding term of the court to that at which it was originally rendered. The motion to quash the certiorari was heard by the court on April 2, 1929, and' was taken under advisement and order thereon announced on July, 29, 1929, nearly four months after the advisement began. The cause is in this court through a writ of error obtained by plaintiff in error.

As the validity of the application for certiorari is the basis of this appeal it is copied, with the exception of the full judgment of the justice's court, which is omitted.

"1. That on August 18th, 1928, plaintiff filed in the Justice Court, Precinct No. Five, of Medina County, Texas, with Honorable W. B. Hardeman, Justice of the Peace in said Precinct, a suit against this defendant on sworn account for One Hundred and Seventy-five ($175.00) Dollars, the same being suit No. 456, in said Court and that at a trial of said cause on October 6th, 1928, said Court entered judgment, which is final. * * *

"2. That defendant has a valid defense to said claim, in that the plaintiff's suit is based upon alleged services rendered in connection with the drilling of an oil well in Frio County, Texas, and defendant was not the owner of said well, and was not drilling said well and had no interest therein except that he had a contract with the parties who were drilling said well to furnish the rig for the drilling of said well and to superintend its operations for a consideration, and plaintiff was not rendering the alleged services for defendant personally but was rendering the alleged services for the parties who were in charge of the drilling of said well, to-wit:

"H. S. Karnes, of Bexar County, Texas, and defendant is not liable for the alleged services rendered by plaintiff in connection with the drilling of said well. That defendant did not agree to furnish the labor for the drilling of said well but only to furnish the drilling equipment and to superintend the drilling operations and plaintiff was not at any time the employee of defendant, and defendant is not liable for the alleged services rendered.

"3. That defendant duly filed his plea of privilege in said case to be sued in the County of his residence, which is Bexar County, Texas, which plea of privilege was by said

Justice of the Peace, overruled on the ground that said alleged services were rendered in Medina County, Texas, whereas the well which was drilled is located in Frio County, Texas, and the alleged services rendered were rendered in Frio County, Texas; so that in no event did the Justice Court, Precinct No. Five of Medina County, Texas, have jurisdiction to render the above judgment against this defendant.

"4. That defendant's attorney advised him immediately prior to and at the time of the trial that defendant's plea of privilege was absolutely good and that it would be sustained, and that it was not necessary for him to prepare his defense upon the merits of the case or to secure the attendance of any witnesses to establish his defense upon the merits of the case, and plaintiff acted upon the advice of his counsel and did not prepare his defense to the merits of the case.

"5. That the Court wrongfully overruled said plea of privilege and forced defendant into a trial of the case at the same time without giving him an opportunity to secure his witnesses to establish his defense to the merits of the case and the Court wrongfully overruled his plea of privilege and entered judgment in this case when said Justice Court was without jurisdiction to enter said judgment.

"6. That plaintiff's attorney promised and agreed with plaintiff that he would give notice of appeal and perfect an appeal in this case to the County Court of Medina County, Texas, to the end that defendant might have an opportunity to secure a proper ruling upon his plea of privilege and also to present his defenses if necessary to the merits of said case, but on account of the sickness and death of the father of plaintiff's said counsel, the Hon. John Sehorn, the said attorney failed to perfect an appeal as he had promised and agreed to do, to the County Court of Medina County, Texas.

"7. That the failure to perfect said appeal was not due to the negligence of plaintiff, and plaintiff relied upon the promise and agreement of his said attorney to perfect said appeal and believed that said appeal had been perfected until a few days prior to the filing of this application when plaintiff discovered that said case had not been appealed to the County Court of Medina County, Texas.

"8. That defendant alleges and believes that he has a valid defense to said suit, in that the alleged services rendered were not rendered for him but for the said H. S. Karnes, and that no liability for the same can be legally or lawfully fixed upon defendant."

Plaintiff in error alleged that he was deceived in the trial in the justice's court and was forced into a trial without his witnesses. He was deprived of his defense through misrepresentation and it was impossible for him to set out testimony that was heard in the justice's court. He could not have alleged more than he did. The law does not require impossibilities from any one. Plaintiff in error alleged everything that he could allege under the circumstances, and showed good cause for a hearing in the county court. He showed he had no hearing in the justice's court. While it appears that some appellate courts have required the applicant for a writ of certiorari to set out in his application the testimony heard in the justice's court, we find no such requirement in the statute. The statute (Rev. St. 1925, art. 945) is: "To constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable conduct." The application of plaintiff in error came well within the provisions of the statute. Of course jurisdiction referred to in the statute does not refer to a plea of privilege as to venue. A court may have jurisdiction of a case in which change of venue should be granted on a plea of privilege. The justice of the peace had jurisdiction of the cause no matter if plaintiff in error was entitled to a change of venue. This is said in view of fact that jurisdiction is confused with the question of venue.

The judgment of the county court is reversed, and judgment here rendered that the writ of certiorari be sustained, and that the county court proceed to try the cause de novo as it would any other case appealed from the justice's court.